George Tilzer, J.
Motion for reargument granted.
On July 18, 1958, the Rent Administrator issued a final order directing the issuance of a certificate of eviction upon a showing that the tenant had left her apartment in the Borough of Manhattan in October, 1957, and was residing in Los Angeles, California, where she was teaching school and taking graduate courses at the University Extension Division of the University of California. It was further shown that the apartment or a part thereof had been sublet by the tenant’s brother.
The tenant instituted an article 78 proceeding to set aside the order. The court remanded the proceeding, calling to the atten *83 tion of the Administrator documents pertaining to the tenant’s attendance at the University of California which were not before the Administrator and which the court felt might influence that officer upon reconsideration.
Upon reconsideration, the respondent Administrator concluded that since the tenant was taking courses in California since the Fall of 1957, her absence is reasonable. Note, too, was made of the tenant’s stated intention to return to New York after the Spring 1959 semester. The Administrator thereupon found (Jan. 26, 1959) that it could not be said that the tenant no longer used the apartment as a dwelling and that the issuance of a certificate of eviction was consequently unwarranted.
Upon reargument and reconsideration, the court recalls its previous decision, vacates the order entered herein and disposes of the proceeding as follows:
Although the 1959 Spring semester has ended, the tenant has again failed to return to this city. It is to be observed that whereas tenant stated her intention to return to her apartment at the conclusion of the 1958 Spring term, she never did so. In short, since October of 1957, despite many recesses and vacation periods, the tenant did not once return east. A “ reasonable review”, as the respondent puts it, of the tenant’s life since October of 1957, particularly her failure to return now that another term of school has ended, warrants the conclusion that she has abandoned the apartment. The tenant has lived in California since October of 1957; she is employed there; she registered as a voter in the City of Los Angeles in 1958; she has never appeared at any of the hearings before the respondent and the record does not contain a single sworn statement by her as to the date of her anticipated return to this city, and her apartment has been occupied by strangers. Despite the respondent’s acceptance of the tenant’s stated intention to return to New York, the fact remains nonetheless that at least 19 months have elapsed since she left her apartment. Section 56 of the State Rent and Eviction Regulations provides for the issuance of a certificate when the housing accommodation is no longer used by the tenant. A “ reasonable review ” of the situation affecting this housing accommodation dictates the conclusion that the tenant no longer uses the subject apartment and that a certificate of eviction should issue. The order of the respondent is not supported by the record and accordingly is set aside as arbitrary and unreasonable.
Settle order providing for the issuance of a certificate of eviction.